OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 
 *744
 
 It is well settled that whether an operator of a delivery vehicle is an agent, potentially rendering the principal liable under the doctrine of respondeat superior, or is an independent contractor, is a question for the trier of fact
 
 (see, Johnson v R. T. K. Petroleum Co.,
 
 289 NY 101,
 
 rearg denied
 
 289 NY 646;
 
 Bratt v Midland Asphalt Corp.,
 
 8 NY2d 963, 965). Here, plaintiffs’ pleadings allege that the driver of the truck worked exclusively for defendant, that he was required to use defendant’s name and forms when performing work for defendant and to return all defendant’s receipts and job tickets. Defendant supplied the truck driver with workers’ compensation insurance, paid him, on a weekly basis, 57% of defendant’s gross billings, and supplied him with a check cashing card, signed by defendant’s representative, on which he was described as an "employee”. Because plaintiffs have submitted sufficient proof to raise a question with respect to the nature of the relationship between the tortfeasor and his alleged principal, summary judgment is not warranted.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.