■ DAVID VALDEZ, Respondent, v MELBA UTICA PACKING Co., INC., Appellant, et al., Defendants. [641 NYS2d 385] —In an action to recover damages for personal injuries, the defendant Melba Utica Packing Co., Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Hurowitz, J.), entered October 17, 1994, as, upon reargument, adhered to its original determination denying the motion by Melba Utica Packing Co., Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court (Huttner, J.), entered April 26, 1995, as denied its second motion for summary judgment.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries, alleging that he was struck by a truck registered to the defendant Bienvenido Rossi and operated by the defendant Edwin Rosado. At the time of the accident, Rosado was allegedly delivering meat for the defendant Melba Utica Packing Co., Inc. (hereinafter Melba). Melba made two motions for summary judgment, which were denied. We affirm. A question of fact exists as to whether Rosado was an employee of Melba at the time of the alleged accident, thereby rendering Melba potentially liable for damages pursuant to the doctrine of respondeat superior, or whether Rosado was an independent contractor (*see, Carrion v Orbit Messenger,* 82 NY2d 742; *Bratt v Midland Asphalt Corp.,* 8 NY2d 963; *Stevens v Spec, Inc.,* 224 AD2d 811; *Shapiro v Robinson,* 102 AD2d 822, *affd* 63 NY2d 896). Further, if Rosado was an employee of Melba, questions of fact exist as to whether Melba was negligent in its hiring of Rosado (*see, Detone v Bullit Courier Serv.,* 140 AD2d 278; *Stevens v Lankard,* 31 AD2d 602, *affd* 25 NY2d 640) and whether Rosado was acting within the scope of his employment at the time that the accident allegedly oc-

curred (*see, Riviello v Waldron,* 47 NY2d 297; *Loucks v Community Home Care Servs.,* 209 AD2d 484). Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.