■ WENFORD RHAMES, Respondent, v SUPERMARKETS GENERAL CORPORATION, Appellant, et al., Defendant. [646 NYS2d 622] —In an action to recover damages for personal injuries, the defendant Supermarkets General Corporation appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 24, 1995, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured when he was assaulted by the defendant Chris Whitaker on the premises of the defendant Supermarkets General Corporation (hereinafter Pathmark). At the time of the assault, Whitaker was employed by Pathmark. The plaintiff seeks to recover damages from Pathmark based on, among other theories, negligent hiring and retention.

We agree with the Supreme Court that issues of fact exist concerning Pathmark's notice of Whitaker's dangerous propensities as well as Pathmark's hiring procedures, precluding the grant of summary judgment in its favor (see, Hall v Smathers, 240 NY 486; Mercer v State of New York, 125 AD2d 376). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.

■ STARR E. SARRA et al., Respondents, v MICHAEL HANKEWYCZ, Defendant, and EASTFLO, INC., Appellant. [646 NYS2d 625] —In a negligence action to recover damages for personal injuries, etc., the defendant Eastflo, Inc., appeals from an order of the Supreme Court, Orange County (Sherwood, J.), dated July 17, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Under the facts of this case, there is an issue of fact as to whether the nonmoving defendant Michael Hankewycz was.an independent contractor or an employee of Eastflo, Inc. Where the record raises "a question with respect to the nature of the relationship between the tortfeasor and his alleged principal, summary judgment is not warranted" (Carrion v Orbit Messenger, 82 NY2d 742, 744). Accordingly, the motion was properly denied. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.