■ FREDERICK LANE, Respondent, v JOHN H. LYONS, Defendant, and ORANGE COUNTY PUBLICATIONS, DIVISION OF OTTAWAY NEWSPAPERS, INC., Doing Business as TIMES HERALD RECORD, Appellant. [717 NYS2d 229] —In an action, *inter alia,* to recover damages for conscious pain and suffering and wrongful death, the defendant Orange County Publications, Division of Ottaway Newspapers, Inc., d/b/a Times Herald Record appeals from an order of the Supreme Court, Orange County (Owen, J.), dated March 21, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was fatally injured in a car accident involving a van owned and operated by the defendant John H. Lyons. We agree with the Supreme Court that the appellant failed to establish a prima facie case that it was entitled to judgment as a matter of law. The appellant contended that Lyons was an independent contractor and therefore it would not be liable for damages pursuant to the doctrine of respondeat superior. Lyons used his own vehicle, was not reimbursed for gas, insurance, or any other work-related expenses, and was a non-employee for tax purposes, which would tend to indicate that he was an independent contractor (*see, Greene v Osterhoudt,* 251 AD2d 786; *Mason v Spendiff,* 238 AD2d 780; *Stevens v Spec Inc.,* 224 AD2d 811). However, the appellant regularly gave Lyons a specific list of subscriptions of papers to be delivered, payment for the subscriptions was made directly to the appellant, and Lyons was not obligated to solicit subscriptions, which would tend to indicate an employer-employee relationship (*see, Mason v Spendiff, supra*; *Matter of Paolucci v Capital Newspapers,* 229 AD2d 751; *Matter of Wells,* 87 AD2d 960, *affd sub nom. Matter of Di Martino,* 59 NY2d 638). Therefore, there is a question of fact as to whether Lyons was an employee of the appellant or an independent contractor at the time of the accident (*see, Carrion v Orbin Messenger,* 82 NY2d 742; *Valdez v Melba Utica Packing Co.,* 226 AD2d 627).

Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.