■ SAUL ROTH, Respondent, v ADAM E. BARRETO et al., Defendants, and VINCENZO'S OF NORTH MERRICK LTD., Appellant. (Action No. 1.) LENNY ROTH et al., Respondents, v ADAM E. BARRETO et al., Defendants, and VINCENZO'S OF NORTH MERRICK LTD., Appellant. (Action No. 2.) [735 NYS2d 197] —In two related actions to recover damages for personal injuries, etc., Vincenzo's of North Merrick Ltd., a defendant in both actions, appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered March 15, 2001, which denied its motion for summary judgment dismissing the complaints in both actions insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On February 18, 1999, at about 6:55 P.M., a vehicle operated by Adam E. Barreto, a defendant in both actions, collided with a vehicle operated by the plaintiff in Action No. 1, Saul Roth, in front of the appellant's pizza store. The plaintiffs allege that Barreto was delivering pizza pies for the appellant at the time of the accident. The appellant moved for summary judgment in both actions, alleging that Barreto was not its employee on the date of the accident or at any other time. In support of its motion, the appellant offered the deposition testimonies of Barreto, his mother, and the appellant's owner, stating that Barreto was not an employee of the appellant. Barreto testified that he had bought two pizza pies that night from the appellant for his own consumption.

In opposition to the motion for summary judgment, the plaintiffs offered the deposition testimony of Saul Roth and the sworn affidavit of an off-duty police officer. Saul Roth testified that, upon confronting Barreto immediately after the accident, Barreto stated "I'm sorry. I'm in a hurry. I'm making deliveries." Furthermore, both Saul Roth and the off-duty police officer observed the appellant's owner or manager and another employee remove 8 to 10 pizza-pie boxes from the rear seat of Barreto's vehicle and carry them into the pizza store.

The court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist (*see, Barr v County of Albany,* 50 NY2d 247; *Rebecchi v Whitmore,* 172 AD2d 600, 601; *Daliendo v Johnson,* 147 AD2d 312, 317). There exist triable issues of fact as to whether Barreto was employed by the appellant and acting within the scope of his employment at the time of the accident (*see, Carrion v Orbit Messenger,* 82 NY2d 742; *Matter of Rivera,* 69 NY2d 679, *cert denied sub nom. State Line Delivery Serv. v Rivera,* 481 US 1049; *Matter of 12 Cornelia St.,* 56 NY2d 895, 897). Thus, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaints in both actions insofar as asserted against it. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.