■ THOMAS E. MEYER et al., Appellants, v JOSEPH MARTIN et al., Defendants, and MODERN ITALIAN BAKERY OF WEST BABYLON, INC., et al., Respondents. [792 NYS2d 178]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 21, 2004, which granted the motion of the defendant Modern Italian Bakery of West Babylon, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motion of the defendants Augustino Moronese and Augie's Distribution Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motion of the defendant Modern Bakery of West Babylon, Inc., for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying the motion, and deleting the provision thereof granting that branch of the motion of the defendants Augustino Moronese and Augie's Distribution Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Augie's Distribution Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendants Modern Bakery of West Babylon, Inc., and Augie's Distribution Corp.

The plaintiff Thomas E. Meyer was seriously injured when he was struck by a delivery truck operated by the defendant Joseph Martin. The plaintiff and his wife commenced the instant action against, among others, Martin, Augie's Distribution Corp. (hereinafter ADC), Augustino Moronese, and Modern Italian Bakery of West Babylon, Inc. (hereinafter Modern). The Supreme Court granted summary judgment to ADC, Moronese, and Modern. We modify and reinstate the complaint insofar as asserted against ADC and Modern.

Although both ADC and Modern established, prima facie,

that they were not Martin's employer or principal with respect to his delivery route on the date of the accident (*see Pope v Ball*, 186 AD2d 1099 [1992]), the plaintiffs raised triable issues of fact as to whether Modern and ADC controlled the manner in which Martin serviced the route, including issues as to whether Modern or ADC set the prices at which Martin could sell their products to certain retailers, whether Modern scheduled the dates on which Martin was to deliver Modern's products to one of its customers, and whether Modern compensated Martin for delivering its products. The plaintiffs also raised issues of fact as to whether ADC established Martin's exclusive route, solicited customers for him, provided services to those customers, and provided recordkeeping, accounting, and invoicing services to Martin (*see Carrion v Orbit Messenger*, 82 NY2d 742, 744 [1993]; *Bratt v Midland Asphalt Corp.*, 8 NY2d 963, 965 [1960]; *Lane v Lyons*, 277 AD2d 428 [2000]; *see also Roth v Barreto*, 289 AD2d 557 [2001]; *Erny v Distribution Sys. of Am.*, 283 AD2d 391, 392 [2001]; *Mason v Spendiff*, 238 AD2d 780, 781-782 [1997]; *McShane v Foster*, 235 AD2d 462 [1997]; *Sarra v Hankewycz*, 230 AD2d 780 [1996]; *Valdez v Melba Utica Packing Co.*, 226 AD2d 627 [1996]; *Bermudez v Ruiz*, 185 AD2d 212 [1992]). Accordingly, the Supreme Court improperly granted summary judgment to Modern and ADC.

Moronese, however, established that he did not commit any independent tortious acts (*see Bernstein v Starrett City*, 303 AD2d 530, 532 [2003]; *Maggio v Becca Constr. Co.*, 229 AD2d 426 [1996]), and thus could not be liable merely because he had been a corporate officer of ADC (*see Bernstein v Starrett City, supra; Felder v R & K Realty*, 295 AD2d 560 [2002]). The plaintiffs failed to raise a triable issue of fact in opposition to Moronese's showing, and thus summary judgment was properly granted dismissing the complaint insofar as asserted against that defendant. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.