■ JEANNE HALPIN et al., Respondents, v SANTOS A. HERNANDEZ et al., Respondents, and BEVERAGE MARKETING USA, INC., et al., Appellants. [857 NYS2d 719]—

In an action to recover damages for personal injuries, etc., the defendants Beverage Marketing USA, Inc., d/b/a Arizona Beverages, Hornell Brewing Co., Inc., and F & V Distribution Company, LLC, appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 10, 2007, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Jeanne Halpin allegedly sustained injuries when a delivery truck labeled "Arizona Iced Tea" collided with the school bus she was driving. The plaintiff and her husband commenced this action against the truck driver and his brother, who owned the truck, and the defendants Beverage Marketing USA, Inc., doing business as Arizona Beverages, Hornell Brewing Co., Inc., and F & V Distribution Company, LLC (hereinafter the appellants), alleging that the appellants were liable for the driver's negligence under the doctrine of respondeat superior.

The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they did not employ the driver and, therefore, were not liable for his negligence. In opposition to their prima facie showing that the driver was an independent contractor when the accident occurred (*see Meyer v Martin*, 16

AD3d 632, 633-634 [2005]), the plaintiffs and the other defendants raised triable issues of fact regarding the appellants' control over the manner in which the driver performed his work (*see Carrion v Orbit Messenger*, 82 NY2d 742 [1993]), by submitting evidence that the driver worked exclusively for the appellants delivering their merchandise in a truck bearing one of their logos, and that one or more of the appellants provided him with all of his customers and a daily list of deliveries, loaded his truck with merchandise before he arrived for work each day, paid him from the gross receipts he collected on their behalf, and restricted him from selling the merchandise to customers other than those of the appellants (*see Meyer v Martin*, 16 AD3d at 634; *Erny v Distribution Sys. of Am.*, 283 AD2d 391 [2001]; *Lane v Lyons*, 277 AD2d 428 [2000]). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.