■ ROSLYN SCHIFFER, Respondent, v SUNRISE REMOVAL, INC., et al., Respondents, and KEYSPAN HOME ENERGY SERVICES, LLC, et al., Appellants, et al., Defendant. [877 NYS2d 908]—In an action to recover damages for personal injuries, the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated March 9, 2006, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, or in the alternative, for summary judgment on their cross claims against the defendants Sunrise Removal, Inc., and Geoffrey D. McCallum.

In a consolidated action to recover damages for personal injuries, the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated August 9, 2007, as, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the total sum of $776,858.05, and the defendants Sunrise Removal, Inc., and Geoffrey D. McCallum cross-appeal, as limited by their brief, from so much of the same judgment as,

upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, upon a jury verdict on the issue of damages, and upon an order of the same court dated January 5, 2007, granting that branch of the motion of the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., which was for judgment as a matter of law on their cross claims for indemnification against them, is in favor of the plaintiff and against them in the total sum of $776,858.05. The appeal from the judgment brings up for review the issues raised on the appeal from an order of the same court (Schneier, J.), dated March 9, 2006 (*see Schiffer v Sunrise Removal, Inc.,* 62 AD3d 776 [2009] [decided herewith]).

Ordered that the judgment is reversed insofar as appealed from, that branch of the motion of the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, the complaint and all cross claims insofar as asserted against the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., are dismissed, that branch of the plaintiffs' motion pursuant to CPLR 4401 which was for judgment as a matter of law on the issue of liability against the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., is denied as academic, that branch of the motion of the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., which was for judgment as a matter of law on their cross claims for indemnification against them is denied as academic, and the orders dated March 9, 2006, and January 5, 2007, are modified accordingly; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc., are awarded one bill of costs payable by the plaintiff; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants Sunrise Removal, Inc., and Geoffrey D. McCallum.

The defendants Keyspan Home Energy Services, LLC, and Keyspan Plumbing Solutions, Inc. (hereinafter together the Keyspan defendants), contracted with a homeowner to install a new boiler in her home. The Keyspan defendants contacted the

defendant Sunrise Removal, Inc. (hereinafter Sunrise), and arranged to have it remove the old boiler.

Three Sunrise employees, including the defendant Geoffrey D. McCallum, went to subject home in a truck owned by Sunrise, removed the boiler, and loaded it onto the truck. After starting the truck in preparation to leave, McCallum went back inside to speak with the homeowner. McCallum testified that he left the truck in "park" with the emergency break engaged, left the keys in the ignition, and the engine running. McCallum left the truck unattended in the homeowner's driveway, and it was uncontested that the driveway sloped down towards her home.

McCallum was called back outside a short time later and saw the truck across the street. The truck had struck the plaintiff, who was walking on the sidewalk, and pinned her against a fence. None of the witnesses in the case saw the truck move up the driveway or across the street, nor did they see the truck strike the plaintiff.

The Keyspan defendants moved for, among other things, summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that they could not be liable for the negligence of Sunrise because Sunrise was an independent contractor. By order dated March 9, 2006, the Supreme Court, Kings County (Schneier, J.), denied the motion.

The case proceeded to a bifurcated trial and, at the close of evidence in the liability phase of the trial, the court denied the motion of the Keyspan defendants, and the separate motion of Sunrise and McCallum, pursuant to CPLR 4401 for judgment as a matter of law, and granted the plaintiff's motion for the same relief against the Keyspan defendants, McCallum, and Sunrise. After a jury trial on the issue of damages, judgment was entered in favor of the plaintiff and against the Keyspan defendants, Sunrise, and McCallum in the total sum of $776,858.05. The Keyspan defendants appeal from the judgment, and McCallum and Sunrise cross-appeal.

"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant while acting within the scope of employment" (*Quadrozzi v Norcem, Inc.,* 125 AD2d 559, 561 [1986]; *see Riviello v Waldron,* 47 NY2d 297, 302 [1979]; *Mott v Consumers' Ice Co.,* 73 NY 543, 546-547 [1878]; *Savarese v City of N.Y. Hous. Auth.,* 172 AD2d 506, 508 [1991]). Conversely, "[t]he general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rosenberg v Equitable Life Assur. Socy. of U.S.,* 79 NY2d 663, 668 [1992]; *see Kleeman v Rheingold,* 81 NY2d 270, 273-274 [1993]; Restatement [Second] of Torts § 409).

Whether an actor is an independent contractor or a servant is usually a factual issue for the jury (*see Carrion v Orbit Messenger,* 82 NY2d 742, 744 [1993]). However, where, as here, there is no conflict in the evidence, the question may properly be determined as a matter of law (*see Shapiro v Robinson,* 63 NY2d 896, 897 [1984], *affg* 102 AD2d 822, 822 [1984]; *Stagno v 143-50 Hoover Owners Corp.,* 48 AD3d 548, 549 [2008]; *Swarts v Country Log Homes,* 135 AD2d 807, 808-809 [1987]; *see also* 1 PJI 2:255, at 1396 [2009]).

The Keyspan defendants established, prima facie, that Sunrise was acting as an independent contractor at the time of the accident (*see Halpin v Hernandez,* 51 AD3d 724, 725 [2008]; *Meyer v Martin,* 16 AD3d 632, 633-634 [2005]; *Lane v Lyons,* 277 AD2d 428, 428 [2000]). In response, the plaintiff failed to raise a triable issue of fact as to whether the Sunrise employees were servants of the Keyspan defendants for the purpose of imposing vicarious liability (*see Stagno v 143-50 Hoover Owners Corp.,* 48 AD3d 548, 549 [2008]; *Swarts v Country Log Homes,* 135 AD2d 807, 808-809 [1987]; *Shapiro v Robinson,* 102 AD2d 822 [1984], *affd* 63 NY2d 896, 897 [1984]).

Moreover, the Keyspan defendants demonstrated that they were not negligent in hiring or supervising the independent contractor. "To hold a party liable under theories of negligent hiring, negligent retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury" (*Bellere v Gerics,* 304 AD2d 687, 688 [2003]; *see State Farm Ins. Co. v Central Parking Sys., Inc.,* 18 AD3d 859, 860 [2005]).

The Keyspan defendants established their prima facie entitlement to summary judgment as a matter of law by demonstrating that there was no issue of fact as to whether they knew or should have known of any propensity on the part of Sunrise to engage in the conduct that allegedly caused the accident. In opposition, the plaintiff failed to raise a triable issue of fact. There was no evidence indicating that any of Sunrise's employees had ever negligently operated a vehicle, that Sunrise was negligent in maintaining its vehicles, or that Sunrise was otherwise incompetent to perform boiler removal (*see Shapiro v Robinson,* 63 NY2d 896, 897 [1984]; *Bellere v Gerics,* 304 AD2d 687, 688 [2003]; *Sanchez v United Rental Equip. Co.,* 246 AD2d 524, 525 [1998]; *Pannone v Burke,* 149 AD2d 673, 675 [1989]). Accordingly, the motion court erred in denying that branch of the Keyspan defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

However, Sunrise, as the owner of the vehicle, and McCallum, as the operator of the vehicle, had a duty to park and secure the unattended truck so that it would "not start up except by the intervention of some external cause not to be anticipated or guarded against" (*Maloney v Kaplan,* 233 NY 426, 428 [1922]; *see Tierney v New York Dugan Bros.,* 288 NY 16, 19 [1942]; *Dwarte v First Westchester Natl. Bank,* 5 AD2d 1011 [1958]; *Carney v Buyea,* 271 App Div 338, 341 [1946]). The plaintiff demonstrated that McCallum was negligent in parking and securing the truck and Sunrise and McCallum failed to raise a triable issue of fact in this regard (*see Flood v Travelers Vil. Garage,* 66 AD2d 726, 726-727 [1978]; *Di Sabato v Soffes,* 9 AD2d 297, 304 [1959]; *see also Dudley v Ford Credit Titling Trust,* 307 AD2d 911, 912-913 [2003]; *Kemenyash v McGoey,* 306 AD2d 516, 516 [2003]). Accordingly, the Supreme Court properly denied the motion of Sunrise and McCallum pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and properly awarded judgment as a matter of law in favor of the plaintiff and against Sunrise and McCallum pursuant to CPLR 4401 (*see* CPLR 4401; *Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202 [1976]).

In light of the foregoing, the remaining contentions are academic. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.