MORENA MONTANARO, Respondent, v MOOBUL HOSSAIN et al., Defendants, and ELITE LIMOUSINE PLUS, INC., Appellant. [902 NYS2d 426]—

In an action to recover damages for personal injuries, the defendant Elite Limousine Plus, Inc., appeals from an order of the Supreme Court, Nassau County (Marber, J.), dated October 19, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was struck by a limousine which was leased by the driver, the defendant Nazmul Huque, from the vehicle's owner, the defendant Moobul Hossain. At the time of the accident, Huque had been directed by the appellant Elite Limousine Plus, Inc. (hereinafter the appellant), to pick up a customer. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not employ Huque. The appellant contended that Huque was an independent contractor, and therefore it was not liable for his alleged negligence. However, the evidence submitted by the appellant in support of the motion, including, inter

alia, the deposition testimony of Huque and a franchise agreement between Huque and the appellant, did not eliminate all triable issues of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether Huque was an independent contractor when the accident occurred (see *Carrion v Orbit Messenger*, 82 NY2d 742, 744 [1993]; *Anikushina v Moodie*, 58 AD3d 501, 501-502 [2009]; *Halpin v Hernandez*, 51 AD3d 724, 724-725 [2008]). Under these circumstances, it is not necessary to address the sufficiency of the plaintiff's opposition papers (see *Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.