■ GEORGE CHRIST, JR., as Administrator of the Estate of GEORGE CHRIST III, Deceased, Respondent, v EVELYNE K. ON-GORI et al., Defendants, and MARK IV TRANSPORTATION AND LO-GISTICS, Appellant. [918 NYS2d 800]—

The plaintiff's decedent was killed when the motorcycle he was operating collided with a delivery truck driven by the defendant Tom Barongo Ongori (hereinafter Ongori) and owned by Ongori's former wife, the defendant Evelyne Ongori (hereinafter together the Ongoris). The plaintiff commenced this action on behalf of the decedent's estate against the Ongoris. Thereafter, the plaintiff commenced a separate action against the defendant Mark IV Transportation and Logistics (hereinafter Mark IV), alleging that Mark IV was liable for Ongori's negligence under the doctrine of respondeat superior. The ac-

tions were consolidated. Mark IV then moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not employ Ongori and, therefore, it was not liable for Ongori's negligence. The Supreme Court denied the motion. We affirm.

Contrary to Mark IV's contention, the evidence it submitted in support of the motion, including, inter alia, Ongori's deposition testimony and the independent contractor's agreement between Ongori and Mark IV, did not eliminate all triable issues of fact as to whether Ongori was an independent contractor when the accident occurred (*see Carrion v Orbit Messenger*, 82 NY2d 742, 744 [1993]; *Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622 [2011]; *Montanaro v Hossain*, 74 AD3d 1157, 1157-1158 [2010]; *Anikushina v Moodie*, 58 AD3d 501, 501-502 [2009]; *Halpin v Hernandez*, 51 AD3d 724, 725 [2008]; *Meyer v Martin*, 16 AD3d 632, 634 [2005]). Among other things, the evidence submitted by Mark IV indicated that: Ongori displayed the Mark IV logo on the truck for more than three years prior to the accident, Mark IV required Ongori to buy and wear apparel bearing the Mark IV logo, Mark IV required Ongori to lease from it a two-way radio that it used to communicate with him and inform him of delivery locations, Ongori could not control delivery times, Mark IV paid Ongori a percentage of the customer billing for each delivery, the independent contractor's agreement dictated the amount of commercial automobile insurance Ongori was required to procure, and on the day of the accident, Mark IV dispatchers had assigned Ongori to make an unscheduled pickup. In light of Mark IV's failure to meet its prima facie burden, we need not address the sufficiency of the plaintiff's opposition papers (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). The parties' remaining contentions are without merit. Accordingly, the Supreme Court properly denied Mark IV's motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.