■ Jamie DeMartino, Also Known as Jamie Gullo, Respondent, v 3858, Inc., et al., Defendants, and 8772 Meat Corp., Doing Business as Key Food Supermarket, Appellant. [979 NYS2d 648]—

In an action to recover damages for personal injuries, the defendant 8772 Meat Corp., doing business as Key Food Supermarket, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 16, 2012, as denied those branches of its motion which were for summary judgment dismissing the first, second, third, fourth, and fifth causes of action and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On Sunday, July 2, 2006, the plaintiff, a pedestrian, allegedly was struck by a van operated by the defendant Hani Othman, Jr. The van was registered to the defendant 3858, Inc. Othman was delivering groceries for a grocery store which, at the time of the accident, was owned by the defendant 8772 Meat Corp., doing business as Key Food Supermarket (hereinafter the appellant). The plaintiff alleged, inter alia, that the appellant and the other corporate defendants, including 3858, Inc., were involved in a joint venture and were liable for the negligent actions of their employee Othman.

The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. It argued, inter alia, that since 3858, Inc., was an independent contractor, it was not responsible for the acts of 3858, Inc., or the acts of 3858, Inc.'s employee Othman, that the doctrine of respondeat superior was inapplicable since Othman was not its employee, and that the complaint failed to allege any of the factors necessary to pierce the corporate veil. In support of its motion, the appellant submitted, among other things, the service agreement it entered into with 3858, Inc., effective from February 1, 2006, through December 31, 2006, which specified that 3858, Inc., was to provide delivery services from Mondays through Saturdays, and a transcript of the deposition testimony of one of the appellant's cashiers, whose family owned the appellant business, in which he stated that the delivery people used the appellant's minivans and that delivery service was offered on Sundays to the appellant's customers.

The Supreme Court denied those branches of the appellant's motion which were for summary judgment dismissing the first, second, third, fourth, and fifth causes of action, which alleged, inter alia, negligence, and sought recovery based on the doctrines of respondeat superior and piercing the corporate veil, and for summary judgment dismissing all cross claims insofar as asserted against it.

The appellant failed to make a prima facie showing of its

entitlement to judgment as a matter of law dismissing the first, second, third, fourth, and fifth causes of action and all cross claims insofar as asserted against it. The service agreement and the cashier's deposition testimony submitted by the appellant in support of its motion did not eliminate all triable issues of fact as to which entity, if not both, employed Othman on the day of the accident (*see Carrion v Orbit Messenger*, 82 NY2d 742 [1993]; *Montanaro v Hossain*, 74 AD3d 1157, 1158 [2010]; *see e.g. Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 624 [2011]). This evidence also failed to eliminate all questions of fact as to whether 3858, Inc., was independent of the appellant or an alter ego (*see Carrion v Orbit Messenger*, 82 NY2d at 742; *Christ v Ongori*, 82 AD3d 1031, 1032 [2011]; *Montanaro v Hossain*, 74 AD3d at 1158; *Lane v Lyons*, 277 AD2d 428, 428 [2000]).

In light of our determination, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]), or address the appellant's remaining contentions.

Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were for summary judgment dismissing the first, second, third, fourth, and fifth causes of action and all cross claims insofar as asserted against it. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.