Nachman v Koureichi (2018 NY Slip Op 06752)





Nachman v Koureichi


2018 NY Slip Op 06752


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-02719
 (Index No. 24148/06)

[*1]Clarise Nachman, etc., et al., respondents, 
v
Cheick Koureichi, et al., defendants, Stop & Shop Supermarket Company, LLC, et al., appellants.


Ahmuty, Demers & McManus, Alberson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant Stop & Shop Supermarket Company, LLC.
Diconza, Larocca, Dicunto & Kaplin, LLP, Brooklyn, NY (Richard A. Kaplin of counsel), for appellant Hudson Delivery Service, Inc.
Peter Fidopiastis, Queensbury, NY, for appellant Subcontrating Concepts, Inc.
Bernstone and Grieco, LLP, New York, NY (Robert E. Brann of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant Stop & Shop Supermarket Company, LLC, the defendant Hudson Delivery Service, Inc., and the defendant Subcontracting Concepts, Inc., separately appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated February 4, 2016. The order denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the separate motions of the defendant Stop & Shop Supermarket Company, LLC, and the defendant Subcontracting Concepts, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefor a provision granting those motions; as so modified, the order is affirmed, with one bill of costs to the defendants Stop & Shop Supermarket Company, LLC, and Subcontracting Concepts, Inc., payable by the plaintiffs, and one bill of costs to the plaintiffs payable by the defendant Hudson Delivery Service, Inc.
The infant plaintiff allegedly was injured when she was struck by a vehicle owned and operated by the defendant Cheick Koureichi. At the time, Koureichi was working as a driver for the defendant Hudson Delivery Service, Inc. (hereinafter Hudson). Hudson had an agreement with the defendant Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop), to provide a home delivery service for customers of the Stop & Shop supermarket located at Avenue Y in Brooklyn. Koureichi was delivering groceries for Stop & Shop at the time of the accident. The defendant Subcontracting Concepts, Inc. (hereinafter SCI), provided administrative services to Hudson and Koureichi, and it issued Koureichi's paychecks. The infant plaintiff, by her father, and her father suing derivatively, commenced various actions against those defendants, and other [*2]defendants, which actions were consolidated. Hudson, Stop & Shop, and SCI separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court denied all three motions. Hudson, Stop & Shop, and SCI separately appeal.
As a general rule, an employer who hires an independent contractor, as distinguished from an employee or servant, is not liable for the negligent acts of the independent contractor (see Kleeman v Rheingold, 81 NY2d 270, 273; Sanabria v Aguero-Borges, 117 AD3d 1024, 1025; Lombardi v Alpine Overhead Doors, Inc., 92 AD3d 921; Posa v Copiague Pub. School Dist., 84 AD3d 770; Langner v Primary Home Care Servs., Inc., 83 AD3d 1007). Control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for purposes of tort liability (see Sanabria v Aguero-Borges, 117 AD3d at 1025; Begley v City of New York, 111 AD3d 5; Calandrino v Town of Babylon, 95 AD3d 1054; Metling v Punia & Marx, 303 AD2d 386). Factors relevant to assessing control include whether a worker (1) worked at [her or] his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule (see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596; Fenster v Ellis, 71 AD3d 1079; Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516).
Contrary to Hudson's contention, the evidence it submitted in support of its motion, including, inter alia, a transcript of Koureichi's deposition testimony, did not eliminate all triable issues of fact as to whether Koureichi was an independent contractor when the accident occurred (see Carrion v Orbit Messenger, 82 NY2d 742, 744; Christ v Ongori, 82 AD3d 1031, 1032; Rivera v Fenix Car Serv. Corp., 81 AD3d 622; Montanaro v Hossain, 74 AD3d 1157, 1157-1158; Anikushina v Moodie, 58 AD3d 501, 501-502; Halpin v Hernandez, 51 AD3d 724, 725). Among other things, the evidence submitted by Hudson indicated that Koureichi worked for Hudson six days per week, from 10:00 a.m. to 7:00 p.m., that he was required to call a supervisor employed by Hudson if he could not report to work, that he wore a t-shirt provided by Hudson, for which he paid Hudson, which had "Same-Day Delivery" printed on it, and that he had a two-way radio provided by Hudson, for which Koureichi also paid Hudson. In light of Hudson's failure to establish its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's denial of Hudson's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted Stop & Shop's motion for summary judgment dismissing the complaint insofar as asserted against it. The evidence submitted by Stop & Shop established, prima facie, its entitlement to judgment as a matter of law. That evidence included Koureichi's deposition testimony that he did not know the names of any of Stop & Shop's managers, that he had no contact with them, and that Stop & Shop's managers did not control the hours that he worked or how he made deliveries. That evidence established, prima facie, that Stop & Shop did not control the means and method of Koureichi's work. In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also erred in denying SCI's motion for summary judgment dismissing the complaint insofar as asserted against it. The evidence submitted by SCI, including Koureichi's deposition testimony that he did not have any contact with anyone at SCI, and that he didn't know SCI's function, other than to issue his paychecks, established that SCI did not control the means and method of Koureichi's work, and therefore, established SCI's prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court