Cioffi v S.M. Foods, Inc. (2019 NY Slip Op 09251)





Cioffi v S.M. Foods, Inc.


2019 NY Slip Op 09251


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-03336
 (Index No. 55391/11)

[*1]Frederick M. Cioffi, et al., plaintiffs-respondents-appellants,
v
S.M. Foods, Inc., et al., defendants third-party plaintiffs- respondents, Atlanta Foods International, et al., defendants-respondents, Russell McCall's, Inc., defendant-appellant-respondent, et al., defendants; Village of Tuckahoe, et al., third-party defendants- appellants-respondents.


White & Quinlan, LLP, Garden City, NY (Terence M. Quinlan and Michael White of counsel), for defendant-appellant-respondent.
Maynard O'Connor Smith & Catalinotto, LLP, Albany, NY (Edwin J. Tobin, Jr., of counsel), for third-party defendants-appellants-respondents.
Grant & Longworth (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for plaintiffs-respondents-appellants.
Baxter Smith & Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Russell McCall's, Inc., appeals, the third-party defendants separately appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 4, 2016. The order, insofar as appealed from by the defendant Russell McCall's, Inc., denied that branch of the motion of the defendants Russell McCall's, Inc., and Doug Jay which was for summary judgment dismissing the complaint (other than the second cause of action) insofar as asserted against the defendant Russell McCall's, Inc. The order, insofar as appealed from by the third-party defendants, denied that branch of their motion which was for summary judgment dismissing the third-party complaint on the ground, among others, that the third-party action was barred by the Workers' Compensation Law. The order, insofar as cross-appealed from by the plaintiffs, inter alia, denied those branches of their motion which were pursuant to CPLR 3025 for leave to serve a supplemental summons and amended complaint and for summary judgment on the issue of liability on the first and second causes of action insofar as asserted against the defendant Daniel Burke, granted those branches of the motion of the defendants Russell McCall, Inc., and Doug Jay which were for summary judgment dismissing the complaint insofar as asserted against Doug Jay and the second cause of action insofar as asserted against the defendant Russell McCall's, Inc., and granted that branch of the motion of the defendants SM Foods, Inc., GFI Boston, LLC, PLM Trailer Leasing, Daniel Burke, and Ryder Truck Rental, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendants PLM Trailer Leasing and Ryder Truck Rental, Inc.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first and second causes of action insofar as asserted against the defendant Daniel Burke, and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof granting that branch of the motion of the defendants Russell McCall's Inc., and Doug Jay which was for summary judgment dismissing the second cause of action insofar as asserted against the defendant Russell McCall, Inc., and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof denying that branch of motion of the third-party defendants which was for summary judgment dismissing so much of the third-party complaint as was predicated upon the alleged negligence of the third-party defendant Vincent Pinto in the manner in which he parked his vehicle on the subject roadway, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the third-party defendants, payable by the defendants third-party plaintiffs, one bill of costs payable to the plaintiffs by the defendant Daniel E. Burke, and one bill of costs to the defendants SM Foods, Inc., GFI Boston, LLC, PLM Trailer Leasing, and Ryder Truck Rental, Inc., payable by the plaintiffs.
On May 22, 2009, the plaintiff Frederick M. Cioffi (hereinafter the injured plaintiff), a police officer, allegedly was injured while conducting a traffic stop on foot when he was struck by a tractor trailer operated by the defendant Daniel Burke. The tractor was owned by the defendant Ryder Truck Rental, Inc. (hereinafter Ryder), and the trailer was owned by the defendant PLM Trailer Leasing (hereinafter PLM). Each had been leased to the defendant GFI Boston, LLC (hereinafter GFI), Burke's employer, pursuant to 30-day rental agreements, each of which, by its respective terms, had expired prior to the accident. Prior to the accident, police officer Vincent Pinto had stopped his vehicle on the roadway in order to ask the injured plaintiff whether he wanted assistance and to assist with a developing traffic delay. At his deposition, Burke testified that he was focused on avoiding Pinto's vehicle while attempting to execute a turn, and that after he had completed the turn, he saw the injured plaintiff on the ground through his side-view mirror.
The injured plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this personal injury action against, among others, the defendants GFI, Ryder, PLM, and Burke, and certain of GFI's corporate parents and their principals, including SM Foods, Inc. (hereinafter SM Foods), Russell McCall's, Inc. (hereinafter RMI), and Doug Jay, the president of RMI. The amended complaint alleged that Burke's negligence and violation of General Municipal Law § 205-e caused the accident, and that the other defendants, among other things, are vicariously liable for his negligence. SM Foods, GFI, PLM, and Burke commenced a third-party action seeking contribution and indemnification against the third-party defendants, Village of Tuckahoe and Officer Pinto, based on the alleged negligence of the injured plaintiff and Pinto.
The defendants SM Foods, GFI, PLM, Burke, and Ryder moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the defendants PLM and Ryder. The defendants RMI and Jay moved for summary judgment dismissing the complaint insofar as asserted against them. The third-party defendants moved for summary judgment dismissing the third-party complaint. The plaintiffs moved, inter alia, pursuant to CPLR 3025 for leave to serve a supplemental summons and amended complaint and for summary judgment on the issue of Burke's liability. In the order appealed from, insofar as relevant to these appeals, the Supreme Court denied the plaintiffs' motion and granted that branch of the motion of the defendants SM Foods, GFI, PLM, Burke, and Ryder which was for summary judgment dismissing the complaint insofar as asserted against the defendants PLM and Ryder. The court also granted those branches of the motion of the defendants RMI and Jay which were for summary judgment dismissing the complaint insofar as asserted against Jay and the second cause of action, alleging a violation of General Municipal Law § 205-e, insofar as asserted against RMI. In addition, the court denied the third-party defendants' motion, except to the extent that the third-party complaint alleged that Pinto had negligently directed Burke to make the left turn. The defendant RMI and the third-party defendants separately appeal, and the plaintiffs cross-appeal.
The plaintiffs contend that the Supreme Court erred in denying that branch of their motion which was for summary judgment on the issue of Burke's liability. As to the first cause of [*2]action, alleging common-law negligence, the court denied the plaintiffs' motion for summary judgment on the ground that they had failed to establish that the injured plaintiff was free from comparative fault. Since the order appealed from was entered, the Court of Appeals has clarified that a plaintiff moving for summary judgment on the issue of a particular defendant's liability "does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d 312, 324-325; see Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034; Poon v Nisanov, 162 AD3d 804, 807). Thus, the plaintiffs were not required to demonstrate that the injured plaintiff was free from comparative negligence in order to obtain summary judgment on the issue of Burke's liability on the first cause of action.
General Obligations Law § 11-106 allows a police officer to bring a tort claim for injuries suffered in the line of duty as the result of, inter alia, the negligence of any person other than the police officer's employer or co-employee (see Williams v City of New York, 2 NY3d 352, 363; Rodriguez v County of Rockland, 43 AD3d 1026, 1028). The evidence submitted on the plaintiffs' motion established that, at the time of the accident, the injured plaintiff was standing in the southbound lane of Midland Avenue on the driver's side of a car which he had stopped at the intersection of Midland Avenue and Winter Hill Road. Burke was stopped at the traffic light at the corner of eastbound Winter Hill Road and Midland Avenue. When the light changed, Burke began his left turn onto northbound Midland Avenue. Prior to beginning his turn, Burke was aware that there was a police officer conducting a traffic stop on foot and a police car parked on the northbound side of Midland Avenue. Although Burke believed he could make the turn safely, the rear of the trailer hit the injured plaintiff.
The foregoing established that Burke failed to exercise due care in the operation of the tractor trailer, and that such failure was a proximate cause of the injured plaintiff's injuries, thereby establishing, prima facie, the plaintiffs' entitlement to judgment as a matter of law on the issue of Burke's liability on the first cause of action (see e.g. Vehicle and Traffic Law § 1146[a]; Yuemei Wu v Automotive Rentals, Inc., 157 AD3d 752, 752-753; Gandarillas v Ean Holdings, LLC, 152 AD3d 571, 572; Bush v Kovacevic, 140 AD3d 1651, 1653; Benn v New York Presbyt. Hosp., 120 AD3d 453, 456). In opposition, the defendants failed to raise a triable issue of fact regarding Burke's negligence.
The plaintiffs also established, prima facie, Burke's liability as to the second cause of action, alleging a violation of General Municipal Law § 205-e. As relevant here, that statute permits a police officer to bring a tort claim for injuries sustained "while in the discharge or performance at any time or place of any duty imposed by . . . superior officer[s]" where such injuries occur "directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" (General Municipal Law § 205-e[1]; see Gammons v City of New York, 24 NY3d 562, 567-568; Williams v City of New York, 2 NY3d at 363-364). In order to recover under the statute, "a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (Williams v City of New York, 2 NY3d at 364 [internal quotation omitted]; see Gammons v City of New York, 24 NY3d at 570; Lewis v Palazzolo, 143 AD3d 783, 785-786).
Vehicle and Traffic Law § 1146(a) requires a driver to "exercise due care to avoid colliding with any . . . pedestrian." Here, the unrebutted evidence established a prima facie violation of § 1146(a), as it demonstrated that Burke failed to exercise due care to avoid hitting the injured plaintiff. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the plaintiffs also were entitled to summary judgment on the issue of Burke's liability on the second cause of action.
We agree with the Supreme Court's denial of that branch of the motion of RMI and Jay which was for summary judgment dismissing the complaint insofar as asserted against RMI. As relevant to RMI's appeal, the plaintiffs allege that RMI is vicariously liable for Burke's negligence, either as Burke's employer or, alternatively, as the alter ego of GFI, which was Burke's employer. [*3]The evidence submitted by RMI and Jay on their motion failed to eliminate all triable issues of fact as to whether RMI employed Burke on the day of the accident (see Carrion v Orbit Messenger, 82 NY2d 742, 744; DeMartino v 3858, Inc., 114 AD3d 634, 636; cf. Raja v Big Geyser, Inc., 144 AD3d 1123, 1124). The evidence also failed to eliminate all questions of fact as to whether RMI was the alter ego of GFI (see DeMartino v 3858, Inc., 114 AD3d at 636; see generally Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767; Last Time Beverage Corp. v F & V Distribution Co., LLC, 98 AD3d 947, 950; Williams v Lovell Safety Mgmt. Co., LLC, 71 AD3d 671, 672).
Because questions of fact exist as to whether RMI may be vicariously liable for Burke's negligence, the Supreme Court should not have granted summary judgment dismissing the second cause of action, alleging a violation of General Municipal Law § 205-e, insofar as asserted against RMI. However, we agree with the court's determination granting that branch of the motion of RMI and Jay which was for summary judgment dismissing the complaint insofar as asserted against Jay, as those defendants established, prima facie, that Jay neither participated in the commission of the tort nor dominated either RMI or GFI so as to warrant piercing the corporate veil (see generally Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 980; Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc., 52 AD3d 674, 677).
The plaintiffs contend that the Supreme Court erred in granting a renewed motion for summary judgment dismissing the complaint insofar as asserted against the defendants Ryder and PLM. "Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the court" (Graham v City of New York, 136 AD3d 747, 748; see Kolel Damsek Eliezer, Inc. v Schlesinger, 139 AD3d 810, 811; Vinar v Litman, 110 AD3d 867, 868). Here, the court providently exercised its discretion in permitting a renewed motion for summary judgment dismissing the complaint insofar as asserted against Ryder and PLM.
The Graves Amendment (49 USC § 30106) shields the owner of a leased or rented motor vehicle from liability for personal injuries resulting from the use of such vehicle "during the period of the rental or lease, if (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner" (49 USC § 30106[a]; see Verdi v Jacoby & Meyers, LLP, 154 AD3d 901; Angelero v Hanif, 140 AD3d 905, 906; Bravo v Vargas, 113 AD3d 579, 580). In order to obtain summary judgment dismissing a complaint on the ground that it is shielded from liability by the Graves Amendment, a defendant must establish, inter alia, that the injured plaintiff's claim arose "during the period of the rental or lease" (49 USC § 30106[a]; see Currie v Mansoor, 159 AD3d 797, 798; Lynch v Baker, 138 AD3d 695, 697).
There is no dispute that the tractor was owned by Ryder and that it was rented to GFI on September 18, 2008. On its prior motion for summary judgment, Ryder submitted only the expired 30-day rental agreement. In a prior decision in this case, we agreed with the Supreme Court that the submission of the expired lease agreement was insufficient to establish Ryder's entitlement to summary judgment since it failed to eliminate all triable issues of fact as to whether there was any lease agreement in effect between Ryder and GFI on the date of the accident (see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 892). In support of the instant motion, Ryder has now produced the invoice for the subject vehicle which covered rental for the date of the accident, as well as GFI's payment of that invoice. The September 2008 rental agreement, Ryder's ongoing invoices for rental of the subject vehicle, including the date of the subject accident, and GFI's ongoing payments, together establish, prima facie, that the plaintiffs' claims against Ryder arose "during the period of the rental" (49 USC § 30106[a]). Nothing in the record rebuts that showing or raises a triable issue of fact.
Similarly, as to PLM, it is undisputed that the trailer was owned by PLM and was rented to GFI on March 18, 2009, for the period from April 6, 2009, to April 30, 2009. In support of this motion, PLM has produced, inter alia, GFI's ongoing payments of invoices, including the date of the subject accident, which demonstrate that the rental period extended beyond the initial [*4]agreement and was in effect at the time that the injured plaintiff's claim arose (see 49 USC § 30106[a]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court that Ryder and PLM were entitled to summary judgment dismissing the complaint insofar as asserted against each of them.
Turning to the third-party complaint, "[a]n employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, but when an employee suffers a grave injury' the employer also may be liable to third parties for indemnification or contribution" (Rubeis v Aqua Club Inc., 3 NY3d 408, 412-413; see Workers' Compensation Law § 11). Grave injuries include, inter alia, "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11). A "permanent total disability" requires a showing that the injured employee is no longer employable "in any capacity" (Rubeis v Aqua Club, Inc., 3 NY3d at 417; see Grech v HRC Corp., 150 AD3d 829, 830). Here, the conflicting expert opinions proffered by the parties raised a triable issue of fact as to whether the injured plaintiff suffered a grave injury within the meaning of Workers' Compensation Law § 11 (see Bush v Mechanicville Warehouse Corp., 79 AD3d 1327, 1329; Mendez v Union Theological Seminary in City of New York, 26 AD3d 260, 261; Way v Grantling, 289 AD2d 790, 792-793). Thus, we agree with the Supreme Court's denial of that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against the Village on the ground that the injured plaintiff did not suffer a grave injury within the meaning of the Workers' Compensation Law.
The third-party defendants also contend that they were entitled to summary judgment dismissing so much of the third-party complaint as was predicated upon the alleged negligence of Officer Pinto in the manner in which he parked his vehicle upon the roadway. They assert that Officer Pinto was entitled to the privilege afforded by Vehicle and Traffic Law § 1104, and therefore can only be liable under a reckless disregard standard of care. Pursuant to Vehicle and Traffic Law § 1104, the driver of an emergency vehicle, when involved in an "emergency operation," may, inter alia, stop, stand, or park irrespective of the other provisions of the Vehicle and Traffic Law (Vehicle and Traffic Law § 1104[a], [b][1]). The provision does not relieve such a driver of the duty to drive with due regard for the safety of all persons, nor does it protect the driver from the consequences of his or her reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104[e]). Further, the reckless disregard standard "only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (Kabir v County of Monroe, 16 NY3d 217, 220). Vehicle and Traffic Law § 114-b defines the limited circumstances that constitute an "emergency operation." It provides that an "emergency operation" exists when an authorized emergency vehicle "is engaged in transporting a sick or injured person, transporting prisoners, delivering blood or blood products in a situation involving an imminent health risk, pursuing an actual or suspected violator of the law, or responding to, or working or assisting at the scene of an accident, disaster, police call, alarm of fire, actual or potential release of hazardous materials or other emergency. Emergency operation shall not include returning from such service" (Vehicle and Traffic Law § 114-b). Here, at the time that Officer Pinto parked his vehicle on the roadway, the injured plaintiff was conducting a seatbelt traffic checkpoint. Officer Pinto testified in his deposition that he had stopped in order to ask the injured plaintiff whether he needed assistance and to assist with a traffic delay that was developing. Contrary to the third-party defendants' contention, Officer Pinto was not engaged in an emergency operation at the subject time (see Portalatin v City of New York, 165 AD3d 1302, 1303; Quintero v City of New York, 113 AD3d 414, 415; Rusho v State of New York, 76 AD3d 783, 784; cf. Jones v Albany County Sheriff's Dept., 123 AD3d 1331, 1332; Banks v City of New York, 92 AD3d 591; McCarthy v City of New York, 250 AD2d 654, 654-655). Accordingly, Officer Pinto's conduct is subject to the principles of ordinary negligence rather than the reckless disregard standard applicable to acts protected by Vehicle and Traffic Law § 1104 (see Kabir v County of Monroe, 16 NY3d at 220; Reid v City of New York, 148 AD3d 739, 740; Benn v New York Presbyt. Hosp., 120 AD3d 453, 455; Fajardo v City of New York, 95 AD3d 820; Katanov v County of Nassau, 91 AD3d 723, 725).
Nevertheless, even if the manner in which Officer Pinto parked his vehicle on the roadway was negligent, it merely furnished the condition for the subsequent collision and was not [*5]a proximate cause of the accident (see Faust v Gerde, 150 AD3d 1204, 1205; Montalvo v United Parcel Serv., Inc., 117 AD3d 1004, 1005; Lee v D. Daniels Contr., Ltd., 113 AD3d 824, 825; Batista v City of New York, 101 AD3d 773, 778; Morales v Cox, 74 AD3d 922). Accordingly, the third-party defendants were entitled to summary judgment dismissing so much of the third-party complaint as was predicated upon the alleged negligence of Officer Pinto in the manner in which he parked his vehicle upon the roadway.
Leave to amend a pleading is to be freely given absent surprise or prejudice resulting from the delay (see CPLR 3025[b]). Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed (see CDx Labs., Inc. v Zila, Inc., 162 AD3d 972, 973; APF Mgt. Co., LLC v Munn, 151 AD3d 668, 670). Here, in light of the extended delay in moving for leave to serve the supplemental summons and amended complaint, and the lack of a reasonable excuse for the delay, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3025 for leave to serve a supplemental summons and amended complaint (see Pergament v Roach, 41 AD3d 569, 572; Young v A. Holly Patterson Geriatric Ctr., 17 AD3d 667).
The parties' remaining contentions are without merit.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court