In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered March 27, *860 2013, which granted the motion of the defendants Veteran Venetian Blind Co., Inc., and Myron L. Sklar for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Veteran Venetian Blind Co., Inc., and Myron L. Sklar for summary judgment dismissing the complaint insofar as asserted against them is denied.
On June 23, 2010, Gabriella Rojas allegedly was injured while crossing the street with her grandmother, Maria Eugena Formosa, at or near the intersection of Central Park Avenue and Melrose Avenue in Yonkers. The plaintiffs allege that Rojas was struck by a vehicle owned and operated by the defendant Roland Borbolla, after a vehicle owned by the defendant Veteran Venetian Blind Co., Inc., and operated by the defendant Myron L. Sklar (hereinafter together the Sklar defendants), struck Borbolla’s vehicle in the rear.
In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the Sklar defendants submitted, inter alia, the transcripts of the deposition testimony of Borbolla and Formosa. The deposition testimony of Borbolla indicated that at the time of the accident, his vehicle was in the process of coming to a stop but the “momentum of the car” caused his vehicle to strike Rojas. Borbolla further testified that Rojas had already been taken away from the front of his vehicle by the time his vehicle was struck in the rear. However, Formosa testified that at the time of the accident, the Borbolla vehicle had come to a stop, and it did not move forward again until she heard a “boom.” Formosa maintained that after she heard the “boom,” the Borbolla vehicle moved forward and struck Rojas. The Supreme Court granted the Sklar defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
The evidence submitted by the Sklar defendants failed to eliminate all triable issues of fact as to whether the Sklar defendants negligently caused Rojas’s injuries (see Montanaro v Hossain, 74 AD3d 1157, 1158 [2010]). Under these circumstances, it is not necessary to address the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court should have denied the Sklar defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
Rivera, J.P, Sgroi, Hinds-Radix and Maltese, JJ., concur.