*1025 In a consolidated action to recover damages for personal injuries, the defendant Big City New Rochelle appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered August 2, 2012, as denied those branches of its motion which were for summary judgment dismissing the complaint and cross claims insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Big City New Rochelle which were for summary judgment dismissing the complaint and cross claims insofar as asserted against it are granted.
The plaintiff brought this action to recover damages he allegedly sustained when he was struck by a vehicle driven by the defendant Gustavo Aguero-Borges. Aguero-Borges was a driver for the defendant Big City New Rochelle (hereinafter Big City), an auto parts dealer. Big City moved for summary judgment, and the Supreme Court denied the motion.
As a general rule, an employer who hires an independent contractor, as distinguished from an employee or servant, is not liable for the negligent acts of the independent contractor (see Kleeman v Rheingold, 81 NY2d 270, 273 [1993]; Lombardi v Alpine Overhead Doors, Inc., 92 AD3d 921 [2012]; Posa v Copiague Pub. School Dist., 84 AD3d 770 [2011]; Langner v Primary Home Care Servs., Inc., 83 AD3d 1007 [2011]). Control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for purposes of tort liability (see Begley v City of New York, 111 AD3d 5 [2013]; Calandrino v Town of Babylon, 95 AD3d 1054 [2012]; Metling v Punia & Marx, 303 AD2d 386 [2003]). Factors relevant to assessing control include whether a worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer’s payroll, and (5) was on a fixed schedule (see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596 [2011]; Fenster v Ellis, 71 AD3d 1079 [2010]; Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516 [2008]).
Here, the evidence submitted by Big City shows that AgueroBorges was free to engage in other employment, did not receive any fringe benefits, and was not on Big City’s payroll. No taxes were withheld from his paycheck, and he received a 1099 form, not a W-2. He testified at his deposition that he generally worked from 8:00 a.m. to 6:00 p.m. and was paid per delivery. If *1026 he did not make deliveries, he did not get paid. If he arrived after 8:00 a.m., the only consequence was that he had to check to see if work was available. He testified at his deposition that Big City “threw . . . out” a target of 35 deliveries per day, but nothing happened if a driver did not meet that target. Kenneth Maurer, president and CEO of Big City, testified at his deposition that drivers came to Big City any time they wanted between 8:00 a.m. and 6:00 p.m., and deliveries were assigned on a first come, first served, basis. Maurer testified that the number of deliveries made by a driver would not affect whether his contract was renewed or not. Maurer testified that a driver could make one delivery in a year and renew his contract if he wanted to. The operator agreement signed by Aguero-Borges provides that the character of the operator’s services was solely within the operator’s discretion, that the operator was free to devote his full time and attention to any delivery services that he desired to engage in, and that the operator was permitted to work any hours he chose to work. The record shows that the drivers worked at their own convenience, and were not on a fixed schedule like the employees. Furthermore, the drivers provided, maintained, and obtained insurance for their own vehicles pursuant to the operator agreement, and did not wear uniforms or carry business cards.
Furthermore, the operator agreement signed by AgueroBorges states that he is an independent contractor, and not an employee, agent, or representative of the company. While the existence of a contract designating a person as an independent contractor is not dispositive, it is a factor to be considered (see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d at 599; Araneo v Town Bd. for Town of Clarkstown, 55 AD3d at 518; Gfeller v Russo, 45 AD3d 1301 [2007]; Matter of Bedin [Trussardi (USA)—Commissioner of Labor], 257 AD2d 809 [1999]). Given all of the circumstances surrounding Aguero-Borges’s relationship with Big City, Big City established, prima facie, that Aguero-Borges was an independent contractor, and not an employee of Big City (see Chaouni v Ali, 105 AD3d 424 [2013]; Belt v Girgis, 55 AD3d 645 [2008]). In opposition, the plaintiff failed to submit evidence raising a triable issue of fact as to whether Aguero-Borges was an independent contractor or an employee of Big City.
In light of our determination, we need not reach the remaining contention of Big City.
Mastro, J.E, Skelos, Cohen and LaSalle, JJ., concur.