■ GREGORY CROSS et al., Respondents, v SUPERSONIC MOTOR MESSENGER COURIER, INC., et al., Defendants, CONTINENTAL COURIER, INC., Appellant, and ARTURO CANINI-SOTO et al., Respondents. [33 NYS3d 252]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about May 22, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Continental Courier, Inc.'s (Continental) motion for summary judgment, unanimously modified, on the law, to grant Continental's motion for summary judgment with respect to plaintiffs' claims based on ostensible agency, Vehicle and Traffic Law § 388, negligent hiring, and negligent supervision, and otherwise affirmed, without costs.

Plaintiff Gregory Cross alleged that on November 13, 2008, he suffered injuries in the scope of his employment with Modell's Sporting Goods while unloading a delivery of supplies from defendant W.W. Grainger, Inc. from a Continental truck driven by defendant Arturo Canini-Soto, who was employed by Continental.

Drawing all reasonable inferences in the nonmovant's favor, questions of fact exist as to whether defendant Arturo Canini-Soto was an independent contractor or an employee of Continental's for which vicarious liability would attach (*Rodriguez v Parkchester S. Condominium*, 178 AD2d 231 [1st Dept 1991]). Although Canini-Soto worked for Continental pursuant to a contract for an independent contractor, he was required to maintain insurance in an amount dictated by Continental, his delivery process was controlled by the Continental dispatcher, he used Continental's forms, was required to wear a Continental shirt, and the truck he drove bore the Continental logo. In addition, among other things, Continental dictated the type of truck Canini-Soto could use, whether it was suitable for use on any given day, and paid him based on the deliveries he made (*see Anikushina v Moodie*, 58 AD3d 501 [1st Dept 2009], *lv denied* 12 NY3d 905 [2009]; *Araneo v Town Bd. for Town of Clarkstown*, 55 AD3d 516 [2d Dept 2008]).

Continental is entitled to summary judgment dismissing plaintiffs' claim that Canini-Soto was acting as Continental's ostensible agent, as there is no evidence that plaintiff Gregory Cross acted in reliance on the belief that Canini-Soto was a Continental employee, and the Continental logo on the truck and the forms are insufficient to demonstrate that Continental held out Canini-Soto as an employee (*Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219 [1992], citing Restatement [Second] of Torts § 429; *Thurman v United Health Servs. Hosps., Inc.*, 39 AD3d 934, 935-936 [3d Dept 2007], *lv denied* 9 NY3d 807 [2007]).

Continental is entitled to summary judgment dismissing

plaintiffs' claim pursuant to Vehicle and Traffic Law § 388 as it made a prima facie showing that it did not own the truck.

Finally, Continental is entitled to summary judgment dismissing plaintiffs' claims for negligent hiring and negligent supervision (*see Nelson v E&M 2710 Clarendon LLC*, 129 AD3d 568, 569-570 [1st Dept 2015]). Plaintiffs have not shown that Continental had any reason to question Canini-Soto's qualifications, who had been working for Continental for nearly a year prior to the accident (*Maristany v Patient Support Servs.*, 264 AD2d 302, 303 [1st Dept 1999]). Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.