Rumsey, J.
 

 Appeal from an order of the Supreme Court (Mott, J.), entered July 21, 2016 in Ulster County, which, among other things, denied motions by defendants Ameritech Land Development, Inc. and Richard W. Smith for summary judgment dismissing the amended complaint against them.
 

 In October 2011, plaintiff Michael Vetere Jr. (hereinafter Vetere) noticed that eight trees had recently been cut and removed from property that he jointly owned with his brothers, plaintiffs Frances Vetere and Ronald Vetere, located near its boundary with an adjoining property, where a new home was in the process of being constructed. Plaintiffs commenced an action against defendant Pembrooke Land and Development LLC and Wayne Nussbickel—the owners of the properties abutting plaintiffs’ land—stating causes of action for violation of RPAPL 861, trespass and conversion. Pembrooke joined issue, moved for summary judgment dismissing the complaint against it and commenced a third-party action against defendant Ameritech Land Development, Inc., its partner in the home construction project, and defendant Richard W. Smith, Amer-itech’s subcontractor.
 
 *
 
 Ameritech and Smith joined issue and separately cross-moved for summary judgment dismissing the third-party complaint. Plaintiffs opposed Pembrooke’s motion for summary judgment and cross-moved to add Ameritech and Smith as defendants in the primary action. Supreme Court granted Pembrooke’s motion, deemed moot the cross motions seeking summary judgment dismissing the third-party complaint and granted plaintiffs’ motion to amend the complaint to add Ameritech and Smith as defendants in the primary action.
 

 Plaintiffs subsequently filed an amended complaint asserting two causes of action against Ameritech and Smith (hereinafter collectively referred to as defendants) based on substantially the same allegations as the original action. After joinder of issue, Ameritech moved for summary judgment dismissing the amended complaint and the cross claims asserted against it by Smith. Plaintiffs did not oppose Ameritech’s motion. Smith also moved for summary judgment dismissing the amended complaint, but he did not seek summary judgment dismissing Ameritech’s cross claims nor did he oppose Ameritech’s summary judgment motion. Plaintiffs opposed Smith’s summary judgment motion. Supreme Court denied defendants’ motions, finding that they failed to meet their prima facie burdens of establishing entitlement to summary judgment. Defendants now appeal.
 

 Although they asserted various theories of liability in the amended complaint, plaintiffs essentially sought damages for trespass and conversion based on allegations that defendants wrongfully entered upon plaintiffs’ property and removed eight trees without plaintiffs’ consent. Such allegations are sufficient to state a cause of action for treble damages pursuant to RPAPL 861 (1) (see Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015]). Ameritech argued that it did not remove any trees from plaintiffs’ property or direct Smith to do so. In that regard, a defendant is liable for trespass committed by an independent contractor if the defendant “directed the trespass or such trespass was necessary to complete the contract” (id. at 1154-1155 [internal quotation marks and citation omitted]).
 

 In support of its motion, Ameritech submitted the deposition testimony of Joseph Pettinella, one of its owners, who testified that Ameritech entered into an agreement to build a one-family residence on Pembrooke’s property. Ameritech also submitted the deposition testimony of Albert Pettinella (hereinafter Pet-tinella), a co-owner of Ameritech, who testified that, when he walked Pembrooke’s property with Smith before any work to clear the lot commenced, the boundary line with plaintiffs’ property was clearly delineated by survey stakes. He further testified that he and Smith marked each tree that was designated for removal, that all trees marked for removal were located on Pembrooke’s property and that he instructed Smith to leave the stumps at a height of 18-24 inches to facilitate their later removal by Ameritech. Pettinella further testified that he inspected the property after Smith completed his work and did not see any trees that were cut in addition to those that had been marked for removal from Pembrooke’s property. Ameritech also submitted the deposition testimony of Smith, who corroborated Pettinella’s testimony and who further testified that he only cut the trees marked for removal from the Pembrooke property. Ameritech also relied on the deposition testimony of Randall Winne, an employee who assisted Smith with the project, who testified that he and Smith removed trees only from the Pembrooke property. Lastly, Ameritech submitted Vetere’s deposition, in which Vetere testified that neither he, his mother—who lives on the property—nor his brothers knew who cut the trees or when they were removed. Such evidence was sufficient to meet Ameritech’s burden of establishing prima facie entitlement to summary judgment. Inasmuch as neither plaintiffs nor Smith opposed Ameritech’s motion for summary judgment dismissing the amended complaint and Smith’s cross claims, Ameritech’s motion should have been granted (see Vernam v Hyster Co., 163 AD2d 709, 709 [1990]).
 

 In support of his motion for summary judgment, Smith submitted his own deposition testimony, in which he testified that he had been hired by Ameritech to remove trees on Pembrooke’s property in preparation for construction of a home. Smith stated that the trees that he was instructed to cut were marked by a ribbon and that the identified trees were generally located in the area where the foundation of the home was to be built in the center of the Pembrooke property. Notably, Smith specifically denied cutting any trees on plaintiffs’ property. He further testified that he left stumps 18-24 inches tall where he cut trees and noted that trees that had been removed from plaintiffs’ property were cut “flush to the ground.” Moreover, Smith noted that his testimony with regard to marking and removing trees from the Pembrooke property was corroborated by Pettinella’s testimony and that Vetere admitted in his deposition testimony that he did not see Smith remove the trees from plaintiffs’ property. Such evidence was sufficient to meet Smith’s burden of establishing prima facie entitlement to summary judgment.
 

 In opposition to Smith’s summary judgment motion, plaintiffs submitted Vetere’s deposition testimony, in which he testified that he believed that the trees on plaintiffs’ property had been recently cut because there were woodchips around the tree stumps. Circumstantial evidence may be used to defeat a motion for summary judgment (see Kennedy v Atlas Fence, Inc., 90 AD3d 1122, 1124 [2011]; Zablow v DiSavino, 22 AD3d 748, 749 [2005]), and the evidence submitted by plaintiffs that the trees were removed from their property without their permission in the immediate vicinity where only Smith and his employee were working is sufficient to show the existence of a triable issue of fact (see Spano v Kline, 50 AD3d 1499, 1500 [2008], lvs denied 11 NY3d 702 [2008], 12 NY3d 704 [2009]). Thus, Supreme Court properly denied Smith’s summary judgment motion.
 

 Egan Jr., J.P., Rose, Devine and Mulvey, JJ., concur.
 

 Ordered that the order is modified, on the law, with costs to defendant Ameritech Land Development, Inc., by reversing so much thereof as denied said defendant’s motion for summary judgment dismissing the amended complaint and cross claims against it; said motion granted; and, as so modified affirmed.
 

 *
 

 After depositions were completed, the action was discontinued against Nussbickel by stipulation.