Fiscina v Boro Rug & Carpet Warehouse Corp. (2021 NY Slip Op 04121)





Fiscina v Boro Rug & Carpet Warehouse Corp.


2021 NY Slip Op 04121


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-03573
 (Index No. 10378/15)

[*1]Patricia Fiscina, plaintiff-respondent, 
v
Boro Rug & Carpet Warehouse Corp., appellant, St. James Realty NY, LLC., defendant-respondent, et al., defendants.


Litchfield Cavo, LLP, New York, NY (Justin T. Shain of counsel), for appellant.
Winkler Kurtz, LLP, Port Jefferson Station, NY (Jason W. Hake of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Boro Rug & Carpet Warehouse Corp. appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 4, 2019. The order, insofar as appealed from, denied the motion of the defendant Boro Rug & Carpet Warehouse Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2014, the plaintiff allegedly sustained injuries when she tripped and fell over a raised piece of carpeting that was being installed in front of an elevator at her place of employment. The carpet was being installed as part of a renovation project. The defendant Icon Interior Design, Inc. (hereinafter Icon), the general contractor on the project, subcontracted the carpet installation work to the defendant Boro Rug & Carpet Warehouse Corp. (hereinafter Boro Rug), and Boro Rug hired the defendant Fredy Cruz to perform the work.
In June 2015, the plaintiff commenced this personal injury action. Boro Rug moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, among other things, that Cruz was an independent contractor and, in any event, the plaintiff could not identify the cause of her fall. In an order dated March 4, 2019, the Supreme Court, inter alia, denied Boro Rug's motion. Boro Rug appeals.
"The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668; see Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (Fenster v Ellis, 71 AD3d 1079, 1080 [internal quotation marks omitted]). "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe [*2]benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d 193, 198; see Colon v Compass Group USA, Inc., 188 AD3d 800, 801). "[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015 [internal quotation marks omitted]). "Whether an actor is an independent contractor or an employee for the purposes of tort liability is usually a factual issue for the jury. However, where there is no conflict in the evidence, the question may properly be determined as a matter of law" (Lombardi v Alpine Overhead Doors, Inc., 92 AD3d 921, 921 [internal quotation marks omitted]).
Here, Boro Rug failed to eliminate triable issues of fact as to whether Cruz was an independent contractor at the time of the accident. It was undisputed that Boro Rug hired and paid Cruz on a project by project basis, that Cruz retained his own personnel to assist on the job, that Cruz utilized his own tools and equipment to perform the installation, and that Boro Rug did not provide Cruz with a W-2 or any fringe benefits. However, at Cruz's deposition, a transcript of which was submitted by Boro Rug in support of its motion, he testified that Boro Rug provided him with maroon-colored T-shirts with "Boro Rug & Carpet" logos on the front and back, which he and his workers were required to wear at all times during the carpet installation. During the entirety of the job, Boro Rug required Cruz to say that he was its employee, if asked. Cruz testified: "I wasn't allowed to say that I was self-employed. . . . If I said that, I [would] get fired." Further, Cruz picked up the carpet and glue used in the installation from the Boro Rug warehouse, and Boro Rug provided Cruz with a copy of the layout for the job. Under these circumstances, there is a triable issue of fact as to whether Cruz was an independent contractor or an employee of Boro Rug (see Evans v Norecaj, 172 AD3d 576, 578; Edwards v Rosario, 166 AD3d 453, 454; Nachman v Koureichi, 165 AD3d 818, 820).
Further, Boro Rug failed to establish, prima facie, that the plaintiff could not identify the cause of her fall (see Croshier v New Horizons Resources, Inc., 185 AD3d 780, 781). The deposition testimony of the plaintiff and nonparty witness Barbara Santiago, viewed in the light most favorable to the plaintiff, was sufficient to establish that she tripped over a raised piece of carpet that was in the process of being installed in the area in front of an elevator.
Boro Rug's failure to meet its prima facie burden necessitated denial of its motion without regard to the sufficiency of the papers submitted in opposition thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, the plaintiff's remaining contentions, raised as alternative grounds for affirmance, are academic.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court