Perez v NES Med. Servs. of N.Y., P.C. (2022 NY Slip Op 02031)





Perez v NES Med. Servs. of N.Y., P.C.


2022 NY Slip Op 02031


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.


2019-10487
 (Index No. 4546/13)

[*1]Francisco R. Perez, et al., appellants, 
v
NES Medical Services of New York, P.C., respondent.


The Emanuel Law Firm, LLC, Brooklyn, NY (Richard G. Monaco of counsel), for appellants.
Lewis, Johs, Avallone, Aviles, LLP, New York, NY (Stephen R. Macho of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated June 18, 2019. The order, insofar as appealed from, granted the motion of the defendant NES Medical Services of New York, P.C., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant NES Medical Services of New York, P.C., for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff Francisco R. Perez presented to the emergency room at nonparty Lutheran Medical Center (hereinafter Lutheran) several times between November 2010 and July 2011, complaining of back pain. He alleges that the physicians who treated him in the emergency room failed to timely diagnose and treat a spinal epidural abscess, causing injuries.
In March 2013, Perez, and his wife suing derivatively, commenced this action alleging medical malpractice against the defendant NES Medical Services of New York, P.C. (hereinafter NES), which had contracted with Lutheran to staff its emergency department, and another defendant. Discovery ensued and, in January 2019, NES moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that it was not vicariously liable for the alleged malpractice of the emergency room physicians because they were independent contractors, not employees. The plaintiffs opposed the motion. In the order appealed from, dated July 10, 2019, the Supreme Court granted NES's motion. The court also directed dismissal of the complaint against the other defendant and amended the caption accordingly. The plaintiffs appeal.
"'The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment. Conversely, the general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts'" (D.S. v Positive Behavior Support Consulting & Psychological Resources, P.C., 197 AD3d 518, 520, quoting Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see Brothers v New [*2]York State Elec. and Gas Corp., 11 NY3d 251, 257; McHale v Metropolitan Life Ins. Co., 165 AD3d 914, 915-916). "Whether an actor is an independent contractor or an employee is usually a factual issue for a jury" (Rivera v Fenix Car Serv. Corp., 81 AD3d at 623; see Singh v Sukhu, 180 AD3d 834, 837).
"'Control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for purposes of tort liability'" (D.S. v Positive Behavior Support Consulting & Psychological Resources, P.C., 197 AD3d at 520, quoting Nachman v Koureichi, 165 AD3d 818, 820; see Sanabria v Aguero-Borges, 117 AD3d 1024, 1025; Begley v City of New York, 111 AD3d 5, 28). "Factors relevant to assessing control include whether the worker (1) worked at [her or] his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule" (Nachman v Koureichi, 165 AD3d at 820). "Incidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015 [internal quotation marks and alterations omitted]). The fact that a contract exists designating a person as an independent contractor is a factor to be considered, but is not dispositive (see D.S. Positive Behavior Support Consulting & Psychological Resources, P.C., 197 AD3d at 521).
Here, the evidence submitted in support of NES's motion did not eliminate all triable issues of fact as to whether the emergency room physicians who treated Perez were independent contractors (see Vazquez v Beth Abraham Health Servs., 172 AD3d 411, 412; Nachman v Koureichi, 165 AD3d at 820; Rivera v Fenix Car Serv. Corp., 81 AD3d at 623-624; Felter v Mercy Community Hosp. of Port Jervis, 244 AD2d 385, 386). Although the physician agreement between NES and one of the physicians who treated Perez designated the physician an independent contractor, among other things, NES's contract with Lutheran raises triable issues of fact regarding NES's involvement in the training of the physicians with whom it contracted and the extent of NES's obligation to participate in quality assurance and peer review activities and implement quality improvement plans (see D.S. v Positive Behavior Support Consulting & Psychological Resources, P.C., 197 AD3d at 520). Additionally, NES failed to submit any evidence regarding how the physicians with whom it contracted were paid (cf. Sanabria v Aguero-Borges, 117 AD3d at 1025). In light of NES's failure to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied NES's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court