Allstate Veh. & Prop. Ins. Co. v Glitz Constr. Corp. (2023 NY Slip Op 01171)

Allstate Veh. & Prop. Ins. Co. v Glitz Constr. Corp.

2023 NY Slip Op 01171

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-02848
 (Index No. 2886/15)

[*1]Allstate Vehicle & Property Insurance Company, etc., appellant, 
v
Glitz Construction Corp., respondent.

Feldman, Rudy, Kirby & Farquharson, P.C., Jericho, NY (Brian R. Rudy of counsel), for appellant.
Farber Brocks & Zane, LLP, Garden City, NY (Charles T. Ruhl of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for injury to property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated January 30, 2020. The judgment, upon the granting of the defendant's application, in effect, pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, Allstate Vehicle & Property Insurance Company, as subrogee of Sarah T. Giouzepis, commenced this action to recover damages for injury to property allegedly sustained as the result of a fire at Giouzepis's house in Deer Park. At trial, the plaintiff presented evidence that the fire started in a ceiling space in the garage, where new electrical wiring had recently been installed. Giouzepis had hired the defendant, a home improvement contractor, to convert the garage area into a bedroom and an office. According to the plaintiff's witnesses, nonparty Wilburt Bartlett, a subcontractor engaged by the defendant to do the electrical rough-in of the new wires, damaged an existing wire with a drill bit, causing an electrical failure that resulted in the fire.
At the close of the plaintiff's case, the defendant made an application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The defendant contended that it could not be held liable for Bartlett's alleged negligence because Bartlett was an independent contractor. The Supreme Court granted the defendant's application. Subsequently, the court issued a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"To be awarded judgment as a matter of law pursuant to CPLR 4401, there must be 'no rational process by which the fact trier could base a finding in favor of the nonmoving party' upon the evidence presented at trial" (Bianchi v New York City Tr. Auth., 192 AD3d 745, 746, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "'In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the [*2]nonmovant'" (Bianchi v New York City Tr. Auth., 192 AD3d at 746-747, quoting Szczerbiak v Pilat, 90 NY2d at 556; see Jing Yu v Allstate Ins. Co., 208 AD3d 857, 858).
"Generally, 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts'" (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257, quoting Kleeman v Rheingold, 81 NY2d 270, 273). "Control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for purposes of tort liability" (Sanabria v Aguero-Borges, 117 AD3d 1024, 1025; see Meehan v County of Suffolk, 144 AD3d 640, 641). "Whether an actor is an independent contractor or an employee for the purposes of tort liability is usually a factual issue for the jury. However, where there is no conflict in the evidence, the question may properly be determined as a matter of law" (Lombardi v Alpine Overhead Doors, Inc., 92 AD3d 921, 921 [internal quotation marks omitted]).
Here, viewing the evidence presented at trial in the light most favorable to the plaintiff, there was no rational process by which the jury could find that Bartlett was the defendant's employee, rather than an independent contractor. The defendant testified that Bartlett was not an employee, but rather was a subcontractor. Moreover, the plaintiff failed to present any evidence that the defendant controlled the means by which Bartlett performed his work. Minimal or incidental control over the work product without "direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship" (Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885 [internal quotation marks omitted]; see Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015).
The general rule that a party who retains an independent contractor is not liable for the independent contractor's negligence is subject to various exceptions, one of which is "instances in which the employer is under a specific nondelegable duty" (Kleeman v Rheingold, 81 NY2d at 274). "In large part, whether a duty—or, perhaps more accurately, whether liability—is nondelegable turns on policy considerations" (Feliberty v Damon, 72 NY2d 112, 119 [internal quotation marks omitted]). "A duty is nondelegable when the responsibility is so important to the community that the employer should not be permitted to transfer it to another" (id. at 119 [internal quotation marks omitted]). Here, the plaintiff failed to establish that the performance of the electrical rough-in work was a nondelegable duty. The plaintiff presented no evidence that the defendant assured Giouzepis that it would perform the rough-in work itself (cf. Miles v R & M Appliance Sales, 26 NY2d 451, 452-454), or that the defendant held itself out to the public as an entity that specifically performed that type of work (cf. Mduba v Benedictine Hosp., 52 AD2d 450, 454). Moreover, contrary to the plaintiff's contention, the terms of the renovation contract do not create a nondelegable duty with regard to the rough-in work (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 259).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendant's application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court