Simpson v Pasha Enters. Corp. (2024 NY Slip Op 00748)

Simpson v Pasha Enters. Corp.

2024 NY Slip Op 00748

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 34450/19 Appeal No. 1642 Case No. 2022-04504 

[*1]Darelle Simpson, Plaintiff-Respondent,
v
Pasha Enterprises Corp., Defendant-Appellant, Roman Osmanov, Defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for appellant.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered June 28, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Pasha Enterprises Corp.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
In this action for personal injuries arising from a motor vehicle accident, defendant established prima facie entitlement to judgment as a matter of law by demonstrating that it did not own the vehicle that struck plaintiff; in fact, it did not own any vehicles (see Cross v Supersonic Motor Messenger Courier, Inc., 140 AD3d 503, 504-505 [1st Dept 2016]; see Vehicle and Traffic Law § 388[1]), and was not the similarly named entity identified in the police accident report.
Moreover, the motion court improvidently exercised its discretion in granting an extension of time for plaintiff to file its opposition to defendant's motion where plaintiff neither submitted an application for such an extension, nor demonstrated good cause for the delay in filing (see Traders Co. v AST Sportswear, Inc, 31 AD3d 276, 277 [1st Dept 2006]). In any event, plaintiff's opposition failed to raise an issue of fact as to whether defendant owned the vehicle in question pursuant to Vehicle and Traffic Law § 128 (see also Vehicle and Traffic Law § 388[1]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024