Brown v Window King LLC (2024 NY Slip Op 00857)

Brown v Window King LLC

2024 NY Slip Op 00857

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 21071/18, 43423/18, 43270/19, 433324/19 Appeal No. 1597 Case No. 2022-05761 

[*1]Mary Elena Brown, Plaintiff-Respondent,
v
Window King LLC, et al., Defendants-Respondents, Stillman Management Inc., Defendant-Appellant.
Stillman Management Inc., Third-Party Plaintiff-Appellant,
v
Frank Crea, Third-Party Defendant-Respondent. (And Other Third-Party Actions.)

Sjoquist Law Offices, New York (Kiel Doran of counsel), for appellant.
Sullivan Papain Block McManus Coffinas & Cannavo PC, New York (Christopher J. DelliCarpini of counsel), f0r Mary Elena Brown, respondent.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for Window King, LLC, respondent.
Smith, Sovik, Kendrick & Sugnet, P.C., Fishkill (Yelena Genchanok of counsel), for Wilson Rivera, respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about November 16, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Stillman Management Inc.'s (Stillman) motion for summary judgment dismissing all claims against it and granted defendant Window King LLC's (Window King) motion for summary judgment dismissing all claims against it, unanimously modified, on the law, to the extent of reinstating Stillman's cross-claims as against Window King, and otherwise affirmed, without costs.
Plaintiff seeks to recover damages for personal injuries she sustained when defendant Wilson Rivera, while installing windows sold by defendant Window King, dropped a screwdriver that hit plaintiff on her head as she was standing in the parking lot of the condominium building managed by Stillman. At the time of the accident, Rivera and two other workers were installing windows in a unit of the condominium building. No steps had been taken to cordon off the area under the window while the work was being done.
As relevant to this appeal Window King moved for summary judgment dismissing the complaint and all cross-claims against it. It argued that experienced window installers and independent contractors, Herrera and Rivera performed the work. Plaintiff and Stillman opposed the motion arguing, as relevant to this appeal, that Rivera was an employee of Window King, or in the alternative a question of fact existed as to whether Rivera was an employee of Window King, which would render Window King vicariously liable for Rivera's negligence under the respondeat superior doctrine.
Stillman moved for summary judgment dismissing the complaint and all
cross-claims against it. Stillman argued that, as the property manager, it did not owe a duty to plaintiff; that as managing agent it lacked exclusive control over the complex; that neither it nor the association had a duty to maintain the incident location; and that it neither supervised nor controlled the window installation work and was not responsible for the unit in question.
Supreme Court granted Window King summary judgment, finding that it satisfied its initial burden as to its lack of supervision over or direction of independent contractors Rivera and Herrera in the window installation process, and dismissed all claims and cross-claims asserted against it. Supreme Court denied Stillman's motion for summary judgment. Stillman appealed every part of Supreme Court's order, but plaintiff did not appeal.
Contrary to Stillman's contention, both its management agreement and the testimony of its property managers provide evidence that Stillman had control of the premises, including the common areas such as the rear parking lot. Accordingly, questions of fact as to whether Stillman displaced the owner's duty to safely maintain the premises, including the parking lot, preclude summary judgment dismissing the claims against it (see Matias v New Yorker Hotel Mgt. Co., Inc[*2]., 201 AD3d 592, 594 [1st Dept 2022]; see also Burgos v Premiere Props., Inc., 145 AD3d 506, 507-508 [1st Dept 2016]; LoGiudice v Silverstein Props., Inc., 48 AD3d 286, 287 [1st Dept 2008]).
Window King contends that it cannot be held vicariously liable for Rivera's negligence because he was not its employee, but a helper employed by nonparty Raphael Herrera, an independent contractor retained by Window King to install the windows that it sold. The determination of whether a person is an employee or an independent contractor "typically involves a question of fact," based on consideration of factors, with "[c]ontrol of the method and means by which work is to be performed" being a critical factor (Goodwin v Comcast Corp., 42 AD3d 322, 322 [1st Dept 2007]). Here, Window King showed that it did not pay Rivera directly, but there was also evidence that Rivera had worked exclusively for Window King for three years before the accident, that Rivera worked on Window King jobs every day from 6:30 a.m. to 5:00 p.m., that Window King had paid Rivera on occasions when Herrera neglected to do so, and that Rivera and his coworkers wore shirts with the Window King logo. Further, the unit owner was required to provide proof that Window King had obtained insurance before the window installation job could commence. Accordingly, there are issues of fact as to whether Rivera was Window King's employee, rather than an independent contractor, for purposes of tort liability (see e.g., Edwards v Rosario, 166 AD3d 453, 453-454 [1st Dept 2018]; Wright v Gorman-Multimedia Communications, 268 AD2d 218, 218-219 [1st Dept 2000]; Fiscina v Boro Rug & Carpet Warehouse Corp., 195 AD3d 998, 999-1000 [2d Dept 2021]).
Although an issue of fact exists as to whether Rivera was Window King's employee, since plaintiff did not appeal from the order dismissing its claim against Window King those claims will not be reinstated. Full relief can be granted to Stillman without granting relief to plaintiff because their interests are not inseparable and Stillman is not aggrieved by the dismissal of plaintiff's claims (Hecht v New York, 60
NY2d 57, 61-62 [1983]; Reynoso v Global Mgt. Enters., LLC, 154 AD3d 446, 447 [1st Dept 2017]; Rodriguez v Heritage Hills Socy., Ltd., 141 AD3d 482, 483 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024