Shimunov v Ashirov (2025 NY Slip Op 03092)

Shimunov v Ashirov

2025 NY Slip Op 03092

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2022-07151
 (Index No. 717745/17)

[*1]Nison Shimunov, etc., et al., respondents, 
v
Artem Ashirov, et al., appellants (and a third-party action).

Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig of counsel), for appellants.
Vishnick McGovern Milizio LLP, Lake Success, NY (Avrohom Gefen of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered August 16, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and trespass.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for injury to their property allegedly caused by renovation work performed at the defendants' property next door. The plaintiffs alleged, among other things, that the defendants redirected storm water onto the plaintiffs' property and sidewalk, causing recurring flooding of the plaintiffs' property, and that the defendants constructed a stone wall that encroached onto the plaintiffs' property. The complaint sought damages pursuant to theories of negligence, nuisance, and trespass, and permanent injunctive relief.
After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered August 16, 2022, the Supreme Court denied the motion. The defendants appeal from so much of the order as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging negligence and trespass.
"In most cases, a party who retains an independent contractor is not liable for the independent contractor's negligent acts" (Bennett v State Farm Fire & Cas. Co., 198 AD3d 857, 858; see Fiscina v Boro Rug & Carpet Warehouse Corp., 195 AD3d 998, 998-999). "The primary justification for this rule is that 'one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor'" (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257-258, quoting Kleeman v Rheingold, 81 NY2d 270, 274). "Control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for purposes of tort liability" (Sanabria v Aguero-Borges, 117 AD3d 1024, 1025; see Meehan v County of Suffolk, 144 AD3d 640, 641). "Minimal or incidental control over the work product without 'direct supervision or input over the means used to complete the work is insufficient [*2]to establish a traditional employment relationship'" (Allstate Veh. & Prop. Ins. Co. v Glitz Constr. Corp., 214 AD3d 691, 692, quoting Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885).
"The general rule that a party who retains an independent contractor is not liable for the independent contractor's negligence is subject to various exceptions, one of which is 'instances in which the employer is under a specific nondelegable duty'" (id. at 693, quoting Kleeman v Rheingold, 81 NY2d at 274). "[T]he class of duties considered 'nondelegable' is not limited to statutorily imposed duties," and "examples of nondelegable common-law duties abound" (Kleeman v Rheingold, 81 NY2d at 275). "In large part, whether a duty—or, perhaps more accurately, whether liability—is nondelegable turns on policy considerations" (Feliberty v Damon, 72 NY2d 112, 119 [internal quotation marks omitted]). "A duty is nondelegable when the responsibility is so important to the community that the employer should not be permitted to transfer it to another" (id. [internal quotation marks omitted]).
Here, in opposition to the defendants' prima facie showing that they did not control the method and means by which their contractors' work was performed, the plaintiffs raised a triable issue of fact (see Bennett v State Farm Fire & Cas. Co., 198 AD3d at 859-860). Contrary to the defendants' assertion, statements made in an affirmation by the plaintiffs' son concerning the defendants' supervision and direction of construction workers did not flatly contradict his prior deposition testimony and was not otherwise impermissibly tailored to create a feigned issue of fact (see Williams v Foster, 222 AD3d 1035, 1036). Moreover, the defendants failed to establish, prima facie, that they did not owe a nondelegable duty to the plaintiffs (see Seltzer v Bayer, 272 AD2d 263; see also Herman v City of Buffalo, 214 NY 316, 319; Long v Sage Estate Homeowners Assn., Inc., 16 AD3d 963, 966 n 2). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging negligence.
"'The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission'" (Leavitt Enter., Inc. v Two Fulton Sq., LLC, 181 AD3d 662, 663-664, quoting Reyes v Carroll, 137 AD3d 886, 888; see 211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 82). A landowner who retains an independent contractor "may be liable for trespass if the owner directs the trespass or a trespass is necessary to complete the contract" (Tschetter v Sam Longs' Landscaping, Inc., 156 AD3d 1346, 1347; see Vetere v Pembrooke Land Dev. LLC, 156 AD3d 1195, 1197; Semon v Chasol Constr. Corp., 7 AD2d 1009, 1009).
Here, the defendants failed to establish, prima facie, that the wall erected by their contractors did not enter onto the plaintiffs' property or that the defendants had permission to erect the wall on the plaintiffs' property. Moreover, the record presented a triable issue of fact as to whether the defendants directed the trespass and, thus, may be held liable for it (see Tschetter v Sam Longs' Landscaping, Inc., 156 AD3d at 1347). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging trespass.
The parties' remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, CHAMBERS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court