Gaudreau v Cucuzzo (2025 NY Slip Op 03046)

Gaudreau v Cucuzzo

2025 NY Slip Op 03046

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-09872
 (Index No. 609409/21)

[*1]David Gaudreau, appellant, 
v
Vincent N. Cucuzzo, defendant, Randall Provisions, Inc., respondent.

Schwartzapfel Lawyers P.C. (Michael H. Zhu, Esq., P.C., Rego Park, NY, of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondent.
David J. Sobel, P.C., Smithtown, NY, for defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated September 8, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Randall Provisions, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Randall Provisions, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
On February 21, 2020, the plaintiff allegedly was injured when a motor vehicle he was operating collided with a motor vehicle owned and operated by the defendant Vincent N. Cucuzzo. At the time of the collision, Cucuzzo was working as a merchandiser for the defendant Randall Provisions, Inc. (hereinafter Randall), a subcontractor for PepsiCo. Cucuzzo's work involved reporting to various stores to stock their shelves with PepsiCo products that a Randall delivery driver had previously delivered.
In May 2021, the plaintiff commenced this action to recover damages for personal injuries against the defendants. In the complaint, the plaintiff alleged that Cucuzzo was an employee of Randall, that Cucuzzo was acting within the scope of his employment at the time of the collision, and that Randall should be held vicariously liable for Cucuzzo's alleged negligence. In June 2023, Randall moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Randall argued, among other things, that Cucuzzo was an independent contractor, not an employee. By order dated September 8, 2023, the Supreme Court, inter alia, granted that branch of Randall's motion. The plaintiff appeals.
"The doctrine of respondeat superior renders [an employer] vicariously liable for a tort committed by his or her [employee] within the scope of employment" (Perez v NES Med. Servs. [*2]of N.Y., P.C., 203 AD3d 1089, 1089-1090 [alterations and internal quotation marks omitted]). However, "[a]s a general rule, an employer who hires an independent contractor, as distinguished from an employee . . . , is not liable for the negligent acts of the independent contractor" (Nachman v Koureichi, 165 AD3d 818, 819). "Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results. A person who works for another subject to less extensive control is an independent contractor" (C.B. v Incorporated Vil. of Garden City, 194 AD3d 897, 899 [internal quotation marks omitted]). In other words, "[t]he determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (Fiscina v Boro Rug & Carpet Warehouse Corp., 195 AD3d 998, 999 [internal quotation marks omitted]; see Lazo v Mak's Trading Co., Inc., 84 NY2d 896, 897). "Factors relevant to assessing control include whether a worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule" (Bynog v Cipriani Group., 1 NY3d 193, 198; see Sanabria v Aguero-Borges, 117 AD3d 1024, 1025). "Incidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Perez v NES Med. Servs. of N.Y., P.C., 203 AD3d at 1090 [alterations and internal quotation marks omitted]). "Whether an actor is an independent contractor or an employee for the purposes of tort liability is usually a factual issue for the jury. However, where there is no conflict in the evidence, the question may properly be determined as a matter of law" (Fiscina v Boro Rug & Carpet Warehouse Corp., 195 AD3d at 999 [internal quotation marks omitted]).
Here, Randall failed to eliminate triable issues of fact as to whether Cucuzzo was an independent contractor or an employee at the time of the collision (see Nachman v Koureichi, 165 AD3d at 820; Christ v Ongori, 82 AD3d 1031, 1032). Since Randall failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Perez v NES Med. Servs. of N.Y., P.C., 203 AD3d at 1091).
In support of its motion, Randall submitted, inter alia, transcripts of the deposition testimony of Cucuzzo and the deposition testimony of Gregory L. Randall, its principal. Cucuzzo and Gregory both testified that Randall paid Cucuzzo in cash, issued him a 1099 tax form at the end of the year, and did not provide him with any fringe benefits, as well as that Cucuzzo used his own vehicle to travel his merchandising route. These facts all weigh in favor of the conclusion that Cucuzzo was an independent contractor (see Fiscina v Boro Rug & Carpet Warehouse Corp., 195 AD3d at 999; Edwards v Rosario, 166 AD3d 453, 454-454; Sanabria v Aguero-Borges, 117 AD3d at 1025-1026). However, Randall's submissions also included evidence indicating the existence of an employer-employee relationship. For example, Cucuzzo testified that Gregory gave him three Pepsi-branded t-shirts to wear while working for Randall (see Fiscina v Boro Rug & Carpet Warehouse Corp., 195 AD3d at 999; Nachman v Koureichi, 165 AD3d at 820), and that Randall provided him with a daily stipend to reimburse him for gas mileage on top of his regular pay (see Lane v Lyons, 277 AD2d 428, 428; Mason v Spendiff, 238 AD2d 780, 782). Cucuzzo also testified that, when he first began working for Randall, he received approximately two days of training from a Randall worker as to the company's "way of doing" the merchandising work (see Bynog v Cipriani Group, 1 NY3d at 199; Perez v NES Med. Servs. of N.Y., P.C., 203 AD3d at 1090-1091). According to Cucuzzo, he regularly checked in with a Randall delivery driver to coordinate their respective work obligations and to ensure that Cucuzzo only reported to a store after the driver had delivered products (see Edwards v Rosario, 166 AD3d 453, 454; Cross v Supersonic Motor Messenger Courier, Inc., 140 AD3d 503, 504; Christ v Ongori, 82 AD3d at 1032). Although his work days fluctuated from week to week, Cucuzzo and Gregory both testified that Gregory would provide Cucuzzo with his work schedule in advance (see C.B. v Incorporated Vil. of Garden City, 194 AD3d at 899; Edwards v Rosario, 166 AD3d at 452; cf. Sanabria v Aguero-Borges, 117 AD3d at 1025-1026), as well as determine the list of stores that Cucuzzo was required to visit (see Halpin v Hernandez, 51 AD3d 724, 725; Erny v Distribution Sys. of Am., 283 AD2d 391, 392; Lane v Lyons, [*3]277 AD2d at 428).
Accordingly, the Supreme Court should have denied that branch of Randall's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court