Park W. Exec. Servs., Inc. v Gallo Vitucci & Klar, LLP (2026 NY Slip Op 00428)

Park W. Exec. Servs., Inc. v Gallo Vitucci & Klar, LLP

2026 NY Slip Op 00428

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 157052/24|Appeal No. 5707|Case No. 2025-03431|

[*1]Park West Executive Services, Inc., et al., Plaintiffs-Appellants,
vGallo Vitucci & Klar, LLP, et al., Defendants-Respondents.

Schwartz & Ponterio, PLLC, New York (John Ponterio of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, New York (Joseph Salvo of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 29, 2025, which granted the motion of defendants Gallo Vitucci & Klar, LLP (GVK), Heather C. Ragone, Esq., and Mary A Maloney, Esq. (collectively, defendants) to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
This legal malpractice action arises from an underlying personal injury action in which defendants represented Park West Executive Services, a company that furnishes taxi and limousine drivers to customers in need of transportation. The underlying action involved a motor vehicle accident in which the driver of one of the vehicles, nonparty Margaret Rivera, had an independent contractor contract with Park West to offer driving services to customers secured by Park West. The driver of the second vehicle involved in the accident commenced the underlying personal injury action against Park West, Rivera, and the owner of the vehicle that was leased to Rivera. In that underlying action, defendants conceded that Rivera was Park West's employee. A settlement was reached in the underlying action and, shortly thereafter, plaintiffs commenced this action for legal malpractice.
The motion court improperly held that plaintiffs failed to state a cause of action for legal malpractice against defendants. To state a claim for legal malpractice, a "plaintiff must show that (1) the attorney was negligent; (2) the attorney's negligence was a proximate cause of plaintiff's losses; and (3) plaintiff suffered actual damages" (Springs v L&D Law P.C., 234 AD3d 422, 423 [1st Dept 2025]). Moreover, an "attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff would have succeeded on the merits of the underlying action or would not have sustained actual and ascertainable damages" (83 Willow LLC v Apollo, 187 AD3d 563, 563 [1st Dept 2020] [internal citation omitted]).
Here, plaintiffs argue that but for defendants' negligence in waiving Park West's independent contractor defense in the underlying action, without their consent and without disclosing conflicts in their representation of several defendants in the action, they would not have been compelled to settle the action, and they would not have been held vicariously liable for Rivera's negligence. To prevail on its malpractice claim, plaintiffs will ultimately have to prove proximate cause. The discovery in the underlying personal injury action raised factual issues as to whether Park West controlled the means and methods of Rivera's work (see Goodwin v Comcast Corp., 42 AD3d 322, 322 [1st Dept 2007]), regardless of the existence of the independent contractor agreement between Rivera and Park West (see Edwards v Rosario, 166 AD3d 453 [1st Dept 2018]; Cross v Supersonic Motor Messenger Courier, Inc., 140 AD3d 503, 504 [1st Dept 2016]), and the motion court or a jury will need to resolve this issue post-discovery. However, at this pre-answer motion to dismiss stage of the litigation, plaintiffs have sufficiently plead a claim for legal malpractice.
Defendants' argument concerning litigation strategy/professional judgment was raised for the first time on appeal and is therefore unpreserved (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525, 525 [1st Dept 2014]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026